UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MATTHEW BRISTER, individually and on behalf of all others similarly situated,<br><br>v.<br><br>CHENIERE ENERGY, INC and MIDSHIP PIPELINE CO., LLC. | **Case No.: 4:20-cv-1175**<br>Collective Action (29 U.S.C. § 216(b)) |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Cheniere Energy, Inc and Midship Pipeline Co., LLC do not pay overtime to their pipeline inspectors. Instead, Cheniere and Midship pay these workers a day rate with no overtime compensation, even though they work many hours in excess of forty hours per week. Because this practice results in non-payment of overtime wages to Matthew Brister and other similarly situated workers, Brister brings this collective action to recover unpaid overtime wages and other damages under the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) ("FLSA").

### JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because Cheniere Energy, Inc. ("Cheniere") and Midship Pipeline Co., LLC ("Midship") are headquartered in this district.

### THE PARTIES

4. Brister was employed by Cheniere and Midship as a pipeline inspector.

5. Cheniere claims to be the largest producer of liquefied natural gas in the United States.

6. Cheniere's subsidiary, Midship, constructs pipelines to connect new gas production from the Anadarko Basin to the Gulf Coast and Southeastern United States.

7. Cheniere and Midship employed and/or jointly employed Brister and the Class Members to inspect pipelines.

8. Brister brings this action on behalf of himself and all other similarly situated pipeline inspectors who were paid a day rate with no overtime pay who and worked on pipelines for Cheniere.

9. Cheniere and Midship paid each of these workers a day rate, without overtime pay required by the FLSA.

10. Brister's written consent to be a party plaintiff is attached as Exhibit A.

11. Brister seeks to represent a class of similarly situated day rate workers under the FLSA pursuant to 29 U.S.C. § 216(b) that is defined as:

> **All current and former inspectors working on pipelines for Cheniere and who were paid a day rate during the last three years (the "Day Rate Inspectors" or "Class Members").**

## FACTS

12. At all times hereinafter mentioned, Cheniere and Midship have each been an employer within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all times hereinafter mentioned, Cheniere and Midship have each been part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all times hereinafter mentioned, Cheniere and Midship have been, or have been part of, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1) because they, or the enterprise of which they are a part, have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an

annual gross volume of sales made or business done of not less than the statutorily required $500,000 (exclusive of excise taxes at the retail level which are separately stated).

15. Cheniere and Midship, or the enterprise of which they are a part, have had, at all relevant times, annual gross volume of sales made or business done of several billion dollars.

16. Brister and the Class Members performed duties for Cheniere and Midship that were integral to their operations, including inspecting pipelines.

17. Brister and the Class Members perform routine pipeline inspection work to ensure the pipeline meets standardized requirements.

18. The duties of Inspectors like Brister and the Class Members do not require a college degree and are usually performed by workers whose highest level of formal education is a high school diploma.

19. Brister was employed by Cheniere and Midship from September 2019 to January 2020.

20. Cheniere and Midship paid Brister and the Class Members a day rate with no overtime premium for hours worked in excess of 40 in a workweek.

21. Throughout Brister's employment with Cheniere and Midship, Cheniere and Midship paid him on a day rate basis.

22. Brister and the Day Rate Inspectors work for Cheniere and Midship under their day rate pay scheme.

23. If Brister and the Day Rate Inspectors did not work, they did not get paid.

24. Brister and the Day Rate Inspectors receive a day rate.

25. Brister and the Day Rate Inspectors do not receive overtime pay.

26. This is despite the fact that Brister and the Day Rate Inspectors often worker 10 or more hours a day, for 7 days a week, for weeks at a time.

27. For example, Brister received a day rate for each day he worked for Cheniere and Midship.

28. Brister's day rate was $460 per day.

29. Although Brister typically worked 7 days a week, for 10 or more hours a day, he did not receive any overtime pay.

30. Brister and the Day Rate Inspectors received a day rate regardless of the number of hours they worked in a week, even when they worked more than 40 hours.

31. Brister and the Day Rate Inspectors are not employed on a salary basis.

32. Brister and the Day Rate Inspectors do not, and never have, received guaranteed weekly compensation irrespective of the days worked (i.e., the only compensation they receive is the day rate they are assigned for all hours worked in a single day or week).

33. Brister and the Day Rate Inspectors work in accordance with the schedule set by Cheniere and Midship and/or their clients.

34. Brister's work schedule is typical of the Day Rate Inspectors.

35. Cheniere and Midship control Brister's and the Day Rate Inspectors' pay.

36. Likewise, Cheniere and Midship control Brister and the Day Rate Inspectors' work.

37. Cheniere and Midship require Brister and the Day Rate Inspectors follow Cheniere's and Midship's and/or its clients' policies and procedures.

38. Brister and the Day Rate Inspectors' work must adhere to the quality standards put in place by Cheniere and Midship and/or its clients.

39. Brister and the Day Rate Inspectors are part of a permanent workforce employed to perform all of Cheniere's and Midship's pipeline inspection work.

40. Cheniere and Midship provide all meaningful capital investment required to construct pipelines. Brister and the Day Rate Inspectors do not provide anything beyond what employees ordinarily provide to do their work.

41. Brister and the Day Rate Inspectors are not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties.

42. As an Inspector, Brister was responsible for ensuring Cheniere's and Midship's and/or its clients' pipelines were completed according to established guidelines, specifications, and restrictions.

43. All Cheniere's and Midship's Day Rate Inspectors perform similar duties, inspecting pipelines, ensuring work is done according to established guidelines, specifications, and restrictions.

44. Brister and the Day Rate Inspectors provide inspection reports to Cheniere and Midship (and/or its clients') personnel.

45. At all relevant times, Cheniere and Midship (and/or its clients) maintained control over Brister and the Day Rate Inspectors via hiring, firing, discipline, timekeeping, payroll, and other employment practices.

46. Brister and the Day Rate Inspectors do not have the power to hire or fire any employees.

47. Brister's working relationship with Cheniere and Midship is similar to Cheniere's and Midship's relationship with the Day Rate Inspectors

48. Cheniere and Midship knew Brister and the Day Rate Inspectors worked more than 40 hours in a week.

49. Cheniere and Midship knew, or showed reckless disregard for, whether the Day Rate Inspectors were entitled to overtime under the FLSA.

50. Nonetheless, Cheniere and Midship failed to pay Brister and the Day Rate Inspectors overtime.

51. Cheniere and Midship willfully violated the FLSA.

### CAUSE OF ACTION

52. By failing to pay Brister the Class Members overtime at one-and-one-half times their regular rates, Cheniere and Midship violated the FLSA's overtime provisions.

53. Because Cheniere and Midship knew, or showed reckless disregard for whether, their pay practice violated the FLSA, Cheniere and Midship owe these wages for the past three years.

54. Cheniere and Midship owe Brister and the Class Members an amount equal to the unpaid overtime wages as liquidated damages.

55. Brister and the Class Members are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

### RELIEF SOUGHT

56. WHEREFORE, Brister seeks relief against Cheniere and Midship as follows:

   a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. Judgment pursuant to Section 16(b) of the FLSA finding Cheniere and Midship liable for unpaid back wages due to Brister and the FLSA Class Members and for liquidated damages equal in amount to their unpaid compensation;

   c. Judgment awarding attorneys' fees, costs and pre- and post-judgment interest; and

   d. All such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: **/s/ David I. Moulton**
_____
   Richard J. (Rex) Burch
   Texas Bar No. 24001807
   David I. Moulton
   Texas Bar No. 24051093
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com
dmoulton@brucknerburch.com


Michael A. Josephson
Texas Bar No. 24014780
Andrew W. Dunlap
Texas Bar No. 24078444
**JOSEPHSON DUNLAP LAW FIRM**
11 Greenway Plaza, Ste. 3050
Houston, Texas 77046
Telephone:   (713) 352-1100
Telecopier:   (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

**Attorneys for Plaintiff**